UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AARDWOLF INDUSTRIES LLC,   )
    Plaintiff,            )
                          )
    v.                    ) Civil Action No. 1:16cv234
                          )
AARDWOLF-USA.COM, et al., )
    Defendants.           )

REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiff's Motion for Default Judgment (Dkt. 16). After a representative for defendants failed to respond to plaintiff's Motion or to appear at the hearing on July 8, 2016, the undersigned took plaintiff's Motion under advisement.[1]

## I. INTRODUCTION

### A. Background

On March 4, 2016, plaintiff Aardwolf Industries LLC filed this action in rem against two defendant domain names, <aardwolf-usa.com> and <aardwolf-aus.com> (collectively the "Subject Domain Names" or "defendants"), which are both registered in the name of "Cong Ty TNHH Mot Thanh Vien Au Sa Vi Na." (Compl. 1, Exs. 1-2.) Plaintiff alleges that the Subject

---

[1] The record before the Court includes the Complaint ("Compl.") (Dkt. 1), plaintiff's Motion for Service by Publication ("Mot. Serv. by Pub.") (Dkt. 4), plaintiff's Motion for Default Judgment ("Mot. Default J.") (Dkt. 16), the Revised Affidavit of Eric Menhart in Support of Request for Default Judgment ("Menhart Aff.") (Dkt. 20-1), and all attachments and exhibits submitted with those filings.

1

Domain Names, which feature plaintiff's AARDWOLF mark and advertise goods substantially similar to plaintiff's goods, are confusingly similar to plaintiff's mark and were registered with a bad faith intent to profit on plaintiff's mark. (Id. at ¶¶ 17-18, 20-22, 25.) Plaintiff therefore brought suit alleging violations of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). (Id. at 1, 5.) Plaintiff now seeks default judgment against defendants in rem and an order directing that the Subject Domain Names be transferred to plaintiff. (Mot. Default J. 8.)

### B. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it involves a federal question arising under the ACPA, 15 U.S.C. § 1125(d), which is a law relating to trademarks.

This Court has in rem jurisdiction over the Subject Domain Names, pursuant to 15 U.S.C. § 1125(d)(2)(A), because plaintiff has alleged violations of its trademark, plaintiff cannot obtain in personam jurisdiction over a person who would have been a defendant because the registrant of the Subject Domain Names appears to be located in Vietnam and appears to have provided fraudulent information in the WHOIS records, and the registry for the Subject Domain Names, OnlineNIC, Inc., is located in this district. (Compl. ¶¶ 4-5, Exs. 1-3.)

Venue is proper in this judicial district under 15 U.S.C. § 1125(d)(2)(C) because the registry for the Subject Domain Names, OnlineNIC, Inc., is located in this district. (Compl. ¶¶ 4, 6.)

### C. Service of Process

A plaintiff filing an action under the ACPA must provide notice of the action to the owner/registrant of the allegedly infringing domain name. 15 U.S.C. § 1125(d)(2)(A)-(B). Sufficient notice of an *in rem* action is established if the Court finds that the owner (1) is not able to obtain *in personam* jurisdiction over a person who would have been a defendant, in this case the registrant; and (2) through due diligence was not able to find a person who would have been a defendant by both (a) sending notice of the alleged violation and intent to bring this action to the registrant of the domain name at the postal and email address provided by the registrant to the registrar, and (b) publishing notice of the action as the Court may direct after filing the action. 15 U.S.C. § 1125(d)(2)(A)(ii).

The undersigned concludes that plaintiff cannot obtain *in personam* jurisdiction over the registrant of the Subject Domain Names. The Subject Domain Names are both registered in the name of "Cong Ty TNHH Mot Thanh Vien Au Sa Vi Na," they are both registered to an address that purports to be located in Vietnam, and the contact information provided on the WHOIS registry appears to be fraudulent. (Compl. ¶ 5, Exs. 1-3.) The registrant

3

of the Subject Domain names is therefore outside the scope of in personam jurisdiction within the United States, and plaintiff's complaint thus satisfies the threshold requirement of Section 1125(d)(2)(A)(ii)(I).

Plaintiff has also attempted to contact the registrant or the person/entity in possession of the Subject Domain Names. Plaintiff filed the Complaint on March 4, 2016, and on March 15, 2016 and March 23, 2016, plaintiff's counsel notified the registrant of the suit by postal mail and email respectively, using the addresses on file with the WHOIS registrar. (Mot. Serv. by Pub. 1, Ex. 1.)

On March 23, 2016, plaintiff filed a Motion for Service by Publication, which this Court granted that same day. (Dkts. 4 and 6.) On March 26, 2016, a notice of this action was published in The Washington Post. (Dkt. 7-1.) However, that notice only expressly listed <aardwolf-usa.com> as a defendant. (Id.) Consequently, pursuant to this Court's May 5, 2016 order, plaintiff published notice of the action in The Washington Post again on May 9, 2016, which expressly included <aardwolf-aus.com> as a defendant. (Dkts. 12 and 13-1.)

Therefore, the requirements of Section 1125(d)(2)(A)(ii)(II) have been satisfied, and service of process is deemed complete. See 15 U.S.C. § 1125(d)(2)(B).

### D. Grounds for Default Judgment

To date, no party with an interest in the Subject Domain Names has appeared or otherwise participated in these proceedings. On March 26, 2016, The Washington Post published a notice of this action, which informed parties with an interest in defendants of the need to respond in this case. (Dkt. 7-1.) No party responded on behalf of the Subject Domain Names within the time permitted by the Federal Rules of Civil Procedure, so plaintiff requested entry of default. (Dkt. 8.) On May 2, 2016, the Clerk of this Court entered default as to <aardwolf-usa.com>, pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. 9.) However, because the notice published by plaintiff did not list <aardwolf-aus.com> as a defendant, the notice was insufficient to complete service of process on <aardwolf-aus.com>. (Dkt. 12.) Consequently, pursuant to this Court's order of May 5, 2016, plaintiff published notice of the action in The Washington Post again on May 9, 2016, which expressly included <aardwolf-aus.com>. (Id.; Dkt. 13-1.) No party responded on behalf of the Subject Domain Names within the time permitted by the Federal Rules of Civil Procedure, so plaintiff requested entry of default as to <aardwolf-aus.com>. (Dkt. 14.) On June 13, 2016, the Clerk of this Court entered default as to <aardwolf-aus.com>, pursuant to Rule 55(a). (Dkt. 15.)

Plaintiffs filed a Motion for Default Judgment on June 14,

2016. (Dkt. 16.) The undersigned held a hearing on plaintiff's Motion on July 8, 2016, at which no representative for the Subject Domain Names appeared. (Dkt. 21.) Finding this matter uncontested, the undersigned took plaintiff's Motion under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

Upon a full review of the pleadings and the record in this case, the undersigned finds that plaintiff has established the following facts.

Plaintiff Aardwolf Industries LLC is a limited liability company organized under the laws of Vietnam, with a principal business address of Duong An Phu 23, Khu Pho 1B, Phuong An Phu Thi Xa Thuan An, Tinh Binh Duong, Vietnam. (Compl. ¶ 1.) Defendants are two domain names registered in the name of "Cong Ty TNHH Mot Thanh Vien Au Sa Vi Na." (Id. at 1, Exs. 1-2.) The Subject Domain Names are both registered to an address purportedly located in Vietnam, but the contact information provided on the WHOIS registry appears to be fraudulent. (Id. at ¶ 5, Exs. 1-3.)

Plaintiff manufactures and sells equipment for the stone, glass, and construction industries. (Compl. ¶ 9; Menhart Aff. ¶ 3.) Plaintiff has sold products bearing the AARDWOLF mark in the United States since 2007 and has continuously engaged in substantial commerce using the AARDWOLF mark since that time.

(Compl. ¶¶ 10, 12, 14, Exs. 4, 6; Menhart Aff. ¶¶ 4-5; Mot. Default J. 5.) Plaintiff also advertises its goods and brand in the United States, including via product catalogs, booths at trade shows, and the domain name <aardwolf.com.au>. (Compl. ¶¶ 10, 13, Ex. 5; Mot. Default J. 5, Ex. 2.) Furthermore, plaintiff is the only entity currently selling tools and related goods that bear the AARDWOLF mark in the United States. (Compl. ¶ 10.) As a result, plaintiff's mark has achieved extensive recognition in its industry. (Compl. ¶ 11; Mot. Default J. 5.) Accordingly, on March 1, 2016, plaintiff's AARDWOLF mark was published in the United States Patent and Trademark Office's ("USPTO") <u>Official Gazette</u> so that, barring any opposition, the mark may be registered with the USPTO. (Compl. ¶ 15, Exs. 7-8.)

The Subject Domain Names, <aardwolf-usa.com> and <aardwolf-aus.com>, and the websites hosted therein, all feature the AARDWOLF mark. (<u>Id.</u> at ¶ 21; Menhart Aff. ¶ 11.) The Subject Domain Names were registered in June of 2015 without plaintiff's consent and advertise goods substantially similar to plaintiff's goods.[2] (Compl. ¶¶ 16-17, Ex. 9; Menhart Aff. ¶¶ 6-7.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering

---

[2] If a user types in <aardwolf-aus.com> as the web address, he/she is immediately redirected to <aardwolf-usa.com> via a "refresh" HTML tag. (Compl. ¶¶ 18-19, Ex. 10; Menhart Aff. ¶¶ 8-9.) Thus the Subject Domain Names are effectively hosting the same content. (Compl. ¶ 20; Menhart Aff. ¶ 10.)

default judgment, however, the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiff's claim against the standards of Federal Rule of Civil Procedure 12(b)(6).

### A. Legal Standard

The ACPA allows the owner of a mark to file an in rem civil action against a domain name if the domain name violates the owner's trademark rights, and if the owner of the mark satisfies certain procedural provisions. 15 U.S.C. § 1125(d)(2)(A). These procedural provisions include establishing that the Court lacks in personam jurisdiction over the defendants, or that the plaintiff has been unable to locate the defendants through due diligence. Id. § 1125(d)(2)(A)(ii). In an in rem action, the remedies are limited to forfeiture, cancellation, or transfer of the infringing domain name to the owner of the mark. Id. § 1125(d)(2)(D).

Thus, to be entitled to relief in rem, the owner of a mark must prove a violation of "any right of the owner of a mark registered in the Patent and Trademark Office" or protected under subsections 1125(a) or (c). Id. § 1125(d)(2)(A)(i). The phrase "any right of the owner of a mark" encompasses claims brought under Section 1125(d)(1). Harrods Ltd. v. Sixty Internet

8

Domain Names, 302 F.3d 214, 224, 228, 232 (4th Cir. 2002).

Plaintiff seeks relief under Section 1125(d)(1).[3] That provision creates civil liability for registering, trafficking in, or using a domain name that is "identical or confusingly similar" to a plaintiff's mark, with a bad faith intent to profit from that mark. 15 U.S.C. § 1125(d)(1)(A). Thus, to establish such a cybersquatting violation, a plaintiff must prove: (1) plaintiff's ownership of a valid and protectable mark; (2) defendant's use of a domain name that is "identical or confusingly similar" to plaintiff's mark; and (3) defendant's bad faith intent to profit from the mark. See id.

### 1. *Plaintiff Possesses a Valid and Protectable Mark*

The ACPA protects both registered marks as well as unregistered common law marks. See 15 U.S.C. §§ 1125(a), 1125(d)(2)(A)(i); B & J Enters. v. Giordano, 329 F. App'x 411, 416 (4th Cir. 2009). The undersigned finds that the plaintiff has sufficiently pled protectable rights in the AARDWOLF mark as alleged in the Complaint. Plaintiff has sold products bearing the AARDWOLF mark in the United States since 2007 and has

---

[3] Based on the language used, plaintiff's Complaint appears to seek relief under 15 U.S.C. § 1125(d)(1). (Compl. ¶¶ 23-25.) However, in its Motion for Default Judgment, plaintiff cites direct trademark infringement and dilution by blurring or tarnishment as the harms suffered, which represent violations of 15 U.S.C. §§ 1125(a) and 1125(c) respectively. (Mot. Default J. 6-8.) A plaintiff may sue for *in rem* relief under the ACPA based on violations of Sections 1125(a) and 1125(c). See Harrods Ltd., 302 F.3d at 224, 232. However, because the analysis under Rule 12(b)(6) is whether a plaintiff's complaint states a claim, the undersigned focuses on the claim under Section 1125(d)(1) that is raised in the Complaint.

9

continuously engaged in substantial commerce using the AARDWOLF mark since that time. (Compl. ¶¶ 10, 12, 14, Exs. 4, 6; Menhart Aff. ¶¶ 4-5; Mot. Default J. 5.) Plaintiff also advertises its goods and brand in the United States, for instance via product catalogs, booths at trade shows, and the domain name <aardwolf.com.au>. (Compl. ¶¶ 10, 13, Ex. 5; Mot. Default J. 5, Ex. 2.) Furthermore, plaintiff is the only entity currently selling tools and related goods that bear the AARDWOLF mark in the United States. (Compl. ¶ 10.) As a result, plaintiff's mark has achieved extensive recognition in its industry. (Id. at ¶ 11, 23-24; Mot. Default J. 5.) Plaintiff has consequently obtained common law rights in the AARDWOLF mark. See U.S. Search, LLC v. U.S. Search.com, Inc., 300 F.3d 517, 523 (4th Cir. 2002). Therefore, plaintiff is entitled to enforce the provisions of Section 1125(d) against any domain name that violates its rights in that mark.

## 2. *Defendants Registered Confusingly Similar Domain Names*

The undersigned finds that plaintiff's Complaint sufficiently demonstrates that the Subject Domain Names are confusingly similar to the mark in which plaintiff possesses protectable rights. The confusing similarity standard is satisfied when a domain name is virtually identical to the plaintiff's mark. See Agri-Supply Co. v. Agrisupply.com, 457 F. Supp. 2d 660, 663 (E.D. Va. 2006). Here, the Subject Domain

10

Names both contain the AARDWOLF mark and simply add "-USA" and "-AUS". (Compl. ¶¶ 16, 21; Menhart Aff. ¶¶ 6, 11; Mot. Default J. 8.) Thus, the facial similarity of the Subject Domain Names to plaintiff's mark is clear. Therefore, plaintiff has alleged sufficient facts to satisfy this requirement of the ACPA.

### 3. Defendants Have Acted with a Bad Faith Intent

Finally, the undersigned finds that plaintiff's Complaint pleads facts evidencing defendants' bad faith intent to profit from plaintiff's mark. Under the ACPA, bad faith intent may be shown by weighing nine factors. 15 U.S.C. § 1125(d)(1)(B)(i). The factors are given to courts as a guide and need not be exhaustively considered in every case. Lamparello v. Falwell, 420 F.3d 309, 319-20 (4th Cir. 2005). In pertinent part, the factors relevant to a finding of bad faith include: a defendant's lack of intellectual property rights in the domain name; a defendant's intent to divert consumers from the mark owner's website in such a way that could harm the goodwill of the mark due to a likelihood of confusion as to affiliation or endorsement of the site; a defendant's provision of false contact information when applying for registration of the domain name; and a defendant's registration of multiple domain names that the defendant knows are identical to marks of another which are distinctive at the time of registration. 15 U.S.C. §§ 1125(d)(1)(B)(i)(I), (V), (VII), (VIII).

11

Based on these factors, the undersigned finds that defendants have acted with a bad faith intent to profit from plaintiff's mark in violation of the ACPA. The registrant of the Subject Domain Names does not have any intellectual property rights in the Subject Domain Names or in plaintiff's mark. (Compl. ¶¶ 10-11, 16, 21, 23-24; Menhart Aff. ¶ 11.) Additionally, the Subject Domain Names advertise goods substantially similar to plaintiff's goods, the websites feature plaintiff's mark, and plaintiff's mark is included within the Subject Domain Names. (Compl. ¶¶ 17, 21, Ex. 9; Menhart Aff. ¶¶ 7, 11; Mot. Default J. 6-8.) These facts make it likely that a consumer may mistake the website and products advertised therein as being associated with plaintiff. (Compl. ¶ 22; Mot. Default J. 8.) In this way, the Subject Domain Names demonstrate an intent to divert consumers from plaintiff's website in such a way that could harm the goodwill of plaintiff's mark. (Compl. ¶¶ 22, 25; Mot. Default J. 6-8.) Furthermore, the registrant of the Subject Domain Names appears to have provided fraudulent contact information to the WHOIS registry. (Compl. ¶¶ 5, 25, Ex. 3; Mot. Default J. 3.) Finally, the registrant of the Subject Domain Names registered multiple (two) domain names that are confusingly similar to plaintiff's distinctive mark. These factors demonstrate a bad faith intent to profit from plaintiff's protected mark.

### B. Conclusion

Because the remaining procedural provisions of 15 U.S.C. § 1125(d) have been satisfied, the Court may order the forfeiture or cancellation of the Subject Domain Names or the transfer of the domain names to plaintiff. 15 U.S.C. §§ 1125(d)(1)(C), 1125(d)(2)(D)(i).

### IV. REQUESTED RELIEF

Plaintiff seeks an injunction under 15 U.S.C. § 1125(d)(1)(C) ordering that the domain name registry OnlineNIC, Inc. transfer the Subject Domain Names <aardwolf-usa.com> and <aardwolf-aus.com> to plaintiff. (Compl. 5; Mot. Default J. 8.)

### V. RECOMMENDATION

For the reasons outlined above, the undersigned recommends that default judgment be entered in favor of plaintiff Aardwolf Industries LLC with respect to the Subject Domain Names for violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). The undersigned further recommends that OnlineNIC, Inc. be required to transfer the Subject Domain Names to plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C). To that end, the undersigned recommends that the district judge enter an order containing the specific language requested by plaintiff on page one of the proposed order attached to plaintiff's Motion for Default Judgment.

## VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

July 26, 2016
Alexandria, Virginia